IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CIVIL ACTION NO. _____

H -95-5349

NOV 22 1995

Michael N. Milby, Clerk of Court

| | |
|---|---|
| AMELIA ONG § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | NOTICE OF REMOVAL |
| § | DEFENDANT DEMANDS A JURY |
| THE HOME DEPOT, INC. § | |
| HOME DEPOT U.S.A., INC.; § | |
| HOME DEPOT INTERNATIONAL, INC. § | |
| HENRY RUSSELL AND § | |
| JENNIFER POWELL § | |
| § | |
| Defendants. § | |

Defendants allege:

1. Defendants **HOME DEPOT USA, INC.** (incorrectly named as THE HOME DEPOT, INC. and HOME DEPOT INTERNATIONAL, INC.), **HENRY RUSSELL AND JENNIFER POWELL** are in the civil action commenced on August 31, 1995, in the 268th District Court of Fort Bend County, Texas, Cause No. 92270 entitled <u>Amelia Ong vs. The Home Depot, Inc.; Home Depot U.S.A., Inc.; Home Depot International, Inc.; Henry Russell and Jennifer Powell</u>.

2. Service of summons and complaint was made on Defendant HOME DEPOT USA, INC. by serving their agent for service of process in Texas, C.T. Corporation System, October 26, 1995. The Original Petition is the initial pleading setting forth the claim upon which the action is based and Defendant, HOME DEPOT USA, INC. first received a copy of said petition on October 26, 1995. Service of summons and complaint was made on Defendant HOME DEPOT INTERNATIONAL, INC., their agent for service of process in Texas, C.T. Corporation System, October 26, 1995. The Original Petition

is the initial pleading setting forth the claim upon which the action is based and Defendant, HOME DEPOT INTERNATIONAL, INC. first received a copy of said petition on October 26, 1995. The following constitutes all of the process, pleadings, and orders served upon Plaintiff and Defendant in this action:

Plaintiff's Original Petition

Defendants' Original Answer

Demand for Jury Trial

3. The action is a civil action of which this Court has original jurisdiction under Title 28 U.S.C. §1332, and is one which Defendant is entitled to remove to this Court pursuant to Title 28 U.S.C. §1441, in that the matter in controversy is believed to exceed the sum of FIFTY THOUSAND AND NO/100 DOLLARS ($50,000.00), exclusive of interest and costs, the action is between citizens of different states, and at the time of the commencement of this action and at all times since the Defendant, HOME DEPOT USA, INC. has been and is still a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of Georgia, and Plaintiff has been and is still a Texas citizen.

4. Defendants allege that HENRY RUSSELL AND JENNIFER POWELL were joined as a Defendants in the original action solely for the purpose of defeating diversity jurisdiction, because HENRY RUSSELL AND JENNIFER POWEELL are not specifically involved in the incident made the subject of Plaintiff's Original Petition and there are no allegations in Plaintiff's Original Petition that would result in personal liability to Plaintiff.

5. Defendants hereby demands a Jury.

WHEREFORE, Defendants pray that the above action now pending in the 268th Judicial District Court of Fort Bend County, Texas, Cause No. 92270 be removed from that Court to this Court.

Respectfully submitted,

_____
Alan N. Magenheim
SBOT: 12816200
Attorney-in-Charge for Defendant,
Home Depot USA, Inc., Henry Russell and Jennifer Powell

OF COUNSEL:

HIRSCH, ROBINSON, SHEINESS
    & GLOVER
3600 One Houston Center
1221 McKinney
Houston, Texas  77010
(713) 609-7849
(713) 609-7600 - FAX

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing NOTICE OF REMOVAL has been forwarded to all counsel of record by certified mail and/or hand delivery, return receipt requested, on this 21st day of November, 1995.

_____
Alan N. Magenheim

INDEX OF DOCUMENTS FILED
WITH REMOVAL ACTION
AMELIA ONG VS. HOME DEPOT USA, INC.
HENRY RUSSELL AND JENNIFER POWELL

a.  Plaintiff's Original Petition
b.  Defendants' Original Answer
c.  Request for Jury Trial
d.  Docket Sheet - (Civil Docket Sheet will be provided immediately upon receipt from the District Clerk's office)
e.  Citations

RECEIVED
GLORY HOPKINS, CLERK
Dist. Court F. Bend Co. TX
OCT 09 1995

## NO. 92270

| | | |
|---|---|---|
| **AMELIA ONG** | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| **THE HOME DEPOT, INC.;** | § | |
| **HOME DEPOT U.S.A., INC.;** | § | |
| **HOME DEPOT INTERNATIONAL, INC.;** | § | |
| **HENRY RUSSELL and JENNIFER** | § | |
| **POWELL** | § | 268TH JUDICIAL DISTRICT |

### PLAINTIFF'S FIRST AMENDED PETITION

COMES NOW AMELIA ONG, Plaintiff in the above numbered and entitled cause of action, and files this her First Amended Petition complaining of THE HOME DEPOT, INC.; HOME DEPOT U.S.A., INC.; HOME DEPOT INTERNATIONAL, INC.; HENRY RUSSELL and JENNIFER POWELL, Defendants, and would respectfully show the Court as follows:

I.

Plaintiff, AMELIA ONG, is a resident of Fort Bend County, Texas.

Defendant THE HOME DEPOT, INC. is a foreign corporation having sufficient business contacts with the State of Texas to make it amenable to service of process, but does not maintain a regular place of business or a designated agent upon whom service of process may be had for causes of action arising out of such business done in the State of Texas. For these reasons, service of process is to be made pursuant to Tex. Civ. Prac. & Rem. Code, Ch. 959, § 17.044 by serving the Secretary of State of Texas as agent for THE HOME DEPOT, INC. This suit arises out of business contacts in this State, and under the circumstances, THE HOME DEPOT, INC. has appointed the Secretary of State of Texas as its agent upon whom service of process may be had in this action. The Secretary of State is requested to forward a copy of the process

- 1 -

with this petition to THE HOME DEPOT, INC.'s home office at 2727 Paces Ferry Road, Atlanta, Georgia 30339.

The Defendant HOME DEPOT U.S.A., INC. is a foreign corporation doing business in the state of Texas for the purpose of accumulating monetary profit and may be served with process through its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

The Defendant HOME DEPOT INTERNATIONAL, INC. is a foreign corporation with its principal place of business in Texas and is doing business in the state of Texas for the purpose of accumulating monetary profit and may be served with process through its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

The Defendant HENRY RUSSELL is an individual who is domiciled in Texas and who may be served with process at his place of employment, 15505 Southwest Freeway, Houston, Texas.

The Defendant JENNIFER POWELL is an individual who is domiciled in Texas and who may be served with process at her place of employment, 15505 Southwest Freeway, Houston, Texas.

II.

Plaintiff would show that venue is proper in Ft. Bend County, Texas, under the provisions of the Tex. Civ. Prac. & Rem. Code, Ch. 959 § 15.001 for the reason that all or part of the cause of action accrued in Fort Bend County, Texas.

III.

Jurisdiction is proper in this court. Although it is yet too early to ascertain the full damages sustained by your Plaintiff, such damages clearly exceed FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and the minimum jurisdictional limits of this Court. Your Plaintiff specifically reserves the right to amend and plead for a specific amount of damages in the future.

IV.

Whenever it is alleged in this petition that Defendants did or failed to do any act or thing, it is meant that such commission or omission was performed or omitted by an agent, servant or employee of said Defendants, and that in each instance the said agent, servant or employee was then acting for and on behalf of said Defendants and within the scope of his employment or within the authority delegated to him by said Defendants.

V.

Plaintiff has been forced to bring this lawsuit as a result of injuries and damages suffered as a direct result of the actions, inactions, and decisions of Defendants and their officers, employees, and/or agents, including the actions and inactions of Defendant Henry Russell, the store manager of the location in question, and of Defendant Jennifer Powell, the loss prevention supervisor at the location in question. On or about August 7, 1994, Plaintiff, AMELIA ONG, was at the Home Depot Store #574, located at 15505 Southwest Freeway, Sugarland, Texas. She was using a shopping cart furnished by the store to shop in the garden department. Plaintiff had loaded several items from the garden department in her shopping cart. She was in the process of taking these items to the check-out counter when the right rear wheel became caught in the

grating which covered a drain hole on the premises. The cart leaned over to the right and much of the cargo fell onto Plaintiff's right foot. At this point, Plaintiff was attempting to simply hold the cart upright and strained her right wrist and suffered a severe injury to her right foot. The grating was placed in an area which required customers of the store to roll the carts over the grated area in order to leave the garden area. Moreover, there was no effort made by the Defendants to direct customers away from the grated area or to otherwise warn customers of the hidden dangers in rolling a cart over the grated area. The danger of utilizing the cart in the drain cover area was not readily apparent to Plaintiff as the Defendants failed to warn the Plaintiff of the danger of such action.

The occurrence referred to above is made the basis of this suit by Plaintiff, AMELIA ONG. The condition referred to above was negligently created by Defendants and Defendants negligently allowed it to persist without correcting it or adequately warning the public of its presence. Defendants HENRY RUSSELL and JENNIFER POWELL, as on site supervisors for the store, owed a duty to the Plaintiff and to the public in general to ensure that the grated area did not present a danger to customers at the store; they failed in carrying out this duty and such failure was a proximate cause of the injuries to the Plaintiff. Defendants' negligence proximately caused Plaintiff's injuries and damages more specifically described herein and made the basis of this suit by Plaintiff.

Defendants knew, or in the exercise of ordinary care should have known that the grating which covered the drain hole was a dangerous condition in that the grating was large enough for the wheels of the shopping cart, furnished by the Defendants, to get caught in. In the alternative, Defendants had no warning signs posted regarding the dangerous condition created by the grate

which covered the drain hole. Defendants' failure to keep the premises in reasonably safe condition was negligence and a proximate cause of Plaintiff's injuries, which exceed the minimum jurisdictional limits of this court.

VI.

As a direct and proximate result of Defendants' negligence, Plaintiff, AMELIA ONG, suffered serious and substantial injuries. AMELIA ONG'S body was bruised, battered, and contused in various places by the incident made the basis of this lawsuit. These injuries are permanent in nature and have had an effect on AMELIA ONG'S health and well-being. These injuries and their ill effects have, in turn, caused AMELIA ONG'S physical and mental condition to deteriorate generally, so that the specific injuries and ill effects Defendants has caused will, in all reasonable probability, cause Plaintiff, AMELIA ONG, to suffer the consequences and ill effects of this deterioration throughout her body for the balance of her natural life. As a further result of the injuries sustained by Plaintiff as a result of Defendants' negligence, AMELIA ONG has suffered great physical and mental pain, suffering, and anguish, and in all reasonable probability will continue to suffer in this manner for a long time in the future, if not for the balance of her natural life. By reason of all of the above, AMELIA ONG has suffered losses and damages in a sum that exceeds the minimum jurisdictional limits of the Court, and for which she now must make claim upon Defendants.

As a further result of the above, Plaintiff, AMELIA ONG, has incurred expenses for medical care and attention, including physicians' fees, medical supplies, appliances and medicine, and other expenses related to the necessary care and treatment of the injuries resulting from this incident. These charges are reasonable and are the usual and customary charges made for such

services. There is more than a reasonable probability that Plaintiff, AMELIA ONG, will require further medical care and attention and will incur future reasonable and necessary expenses for her medical care and attention.

At the time of the incident complained of, Plaintiff, AMELIA ONG, was gainfully employed. As a further result of the severe injuries sustained by Plaintiff, AMELIA ONG, she has suffered physical impairment and has been off from work from time to time to attend doctors' appointments and has been damaged as a result. It is reasonably probable that AMELIA ONG'S physical impairment resulting from the injuries caused by Defendants' negligence is of a lasting nature and her earning capacity will be diminished for the balance of her life.

VII.

PRE-JUDGMENT INTEREST

Plaintiff, AMELIA ONG, would additionally say and show that she is entitled to recovery of pre-judgment interest in accordance with law and equity as part of her damages herein, and Plaintiff here and now specifically sues for pre-judgment interest from the date of the occurrence made the basis of this suit until judgment herein, as well as for post-judgment interest as provided by law and equity, under the applicable provisions of the laws of the State of Texas.

WHEREFORE, premises considered, Plaintiff, AMELIA ONG, requests that Defendants be cited to appear and answer, and then on final trial Plaintiff have:

1. Judgment against the Defendants for a sum in excess of the minimum jurisdictional limits of the Court;

2. Pre-judgment interest as provided by law;

3. Post-judgment interest as provided by law;

4. Costs of suit;

5. Such other and further relief to which Plaintiff, AMELIA ONG, may be justly entitled.

                    Respectfully submitted,

*[signature]*
DAVID A. BICKHAM
STATE BAR NO. 02295300
500 Dallas, Suite 2650
Houston, Texas   77002
Telephone:  713/655-7511
Facsimile:  713/655-7526


ATTORNEY FOR PLAINTIFF AMELIA ONG

PLAINTIFF DEMANDS A TRIAL BY JURY

- 7 -

CAUSE NO. 92270

| | | |
|---|---|---|
| AMELIA ONG | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| THE HOME DEPOT, INC.; | § | |
| HOME DEPOT U.S.A., INC.; | § | |
| HOME DEPOT INTERNATIONAL, INC.; | § | |
| HENRY RUSSELL and JENNIFER | § | |
| POWELL | § | 268TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **HOME DEPOT U.S.A., INC., HENRY RUSSELL AND JENNIFER POWELL**, Defendants, in the above entitled and numbered cause, and files this their Original Answer to the Petition filed against them and would respectfully show the Court and Jury as follows:

I.

Subject to such stipulations as may hereafter be made, Defendants assert a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendants respectfully request that Plaintiff be required to prove her charges and allegations against Defendants by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas.

II.

### AFFIRMATIVE DEFENSES

**THE HOME DEPOT, INC.** is not a proper party and is not liable in the capacity in which sued.

III.

**HOME DEPOT INTERNATIONAL, INC.** is not a proper party and is not liable in the capacity in which sued.

IV.

For further answer, if such be necessary, Defendants allege that Plaintiff, **AMELIA ONG**, was negligent in failing to keep such a proper lookout for her own safety as a reasonably prudent person would under the same or similar circumstances and that such negligence proximately caused the injuries and damages, if any complained of by Plaintiff.

V.

Pleading further and subject to the foregoing without waiving same, Defendants allege that the accident made the basis of this suit was caused by the negligence of a third party or third parties over whom said Defendants had no control and said negligence was a proximate cause, or in the alternative, was the sole proximate cause of the Plaintiff's damages.

VI.

For further answer, if such be necessary, Defendants allege that the acts of Plaintiff, in failing to use ordinary care for her safety, was fifty-one (51%) percent of the cause of the alleged injuries, if any, or, in the alternative, that it was the sole cause.

VII.

For further answer herein and without waiving same, Defendants would show that the Plaintiff failed to mitigate her damages by properly caring for her condition or in the alternative that pre-existing conditions were aggravated by this incident.

VIII.

Pleading further and subject to the foregoing without waiving same, Defendants affirmatively allege that the damages and injuries, if any, alleged by Plaintiff result from pre-existing or subsequent conditions or events.

IX.

For further answer, if such be necessary, Defendants would show that if the Plaintiff was injured as alleged, which is not admitted but is specifically denied, then such injuries are the result of the Plaintiff's own negligent acts and/or omissions.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that they be released, discharged and acquitted of the charges filed against them, that Plaintiff takes nothing by reason of this suit, and for such other and further relief to which Defendants may be justly entitled.

Respectfully submitted,

HIRSCH, ROBINSON, SHEINESS
& GLOVER, P.C.

By: *ORIGINAL SIGNED BY ALAN N. MAGENHEIM*
Alan N. Magenheim
SBOT NO: 12816200
3600 One Houston Center
1221 McKinney
Houston, Texas 77010
(713) 609-7849
(713) 609-7600 (fax)

ATTORNEYS FOR DEFENDANTS

ClibPDF - www.fastio.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record, by certified mail, return receipt requested, on this ____ day of _____, 1995.

ORIGINAL SIGNED BY
ALAN N. MAGENHEIM

_____
Alan N. Magenheim

CAUSE NO. 92270

| | | |
|---|---|---|
| AMELIA ONG | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| THE HOME DEPOT, INC.; | § | |
| HOME DEPOT U.S.A., INC.; | § | |
| HOME DEPOT INTERNATIONAL, INC.; | § | |
| HENRY RUSSELL and JENNIFER | § | |
| POWELL | § | 268TH JUDICIAL DISTRICT |

**REQUEST FOR JURY TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **HOME DEPOT U.S.A., INC., HENRY RUSSELL AND JENNIFER POWELL**, Defendants in the above entitled and numbered cause and requests that a jury trial be held on said cause. A jury fee in the sum of $30.00 has been paid to the District Clerk's office.

Respectfully submitted,

HIRSCH, ROBINSON, SHEINESS
GRAHAM, P.C.

By: _____
Alan N. Magenheim
SBOT NO: 12816200
3600 One Houston Center
1221 McKinney
Houston, Texas 77010
(713) 609-7849
(713) 609-7600 (fax)

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record, by certified mail, return receipt requested, on this _____ day of _____, 1995.

_____
Alan N. Magenheim

THE STATE OF TEXAS

CITATION

TO: HOME DEPOT U.S.A. MAY BE SERVED BY SERVING ITS REGISTERED
    AGENT, C.T. CORPORATION SYSTEM
    350 N. ST. PAUL STREET
    DALLAS, TX  75201

NOTICE:

   You have been sued. You may employ an attorney. If you or
your attorney do not file a written answer with the clerk who
issued this citation by 10:00 a.m. on Monday next following the
expiration of twenty days after you were served this citation and
PLAINTIFF'S FIRST AMENDED PETITION, a default judgment may be
taken against you. Said answer may be filed by mailing same to:
District Clerk's Office, P.O. Drawer "E", Richmond, Texas 77469,
or by bringing it to the office. Our street address is 401 Jackson
Street and we are located on the first floor of the courthouse
building. The case is presently pending before the 268TH District
Court of Fort Bend county sitting in Richmond, Texas, and was
filed on AUGUST 31, 1995. It bears cause number 92,270 and is
styled:

   AMELIA ONG
       PLAINTIFF

   VS.

   THE HOME DEPOT, INC., HOME DEPOT U.S.A., INC., HOME DEPOT
   INTERNATIONAL, INC., HENRY RUSSELL AND JENNIFER POWELL
       DEFENDANTS

   The name and address of the attorney for AMELIA ONG,
PLAINTIFF is:
   DAVID A. BICKHAM  (713) 655-7511
   500 DALLAS, SUITE 2650
   HOUSTON, TX  77002

   The nature of the demands of said AMELIA ONG, PLAINTIFF is
shown by a true and correct copy of the PLAINTIFF'S FIRST AMENDED
PETITION accompanying this citation and made a part hereof.

   If this Citation is not served, it shall be returned
unserved. Issued under my hand and seal of said court, at
Richmond, Texas OCTOBER 09, 1995.

                              GLORY HOPKINS, District Clerk
                              Fort Bend County, Texas

THE STATE OF TEXAS

CITATION

TO: HOME DEPOT INTERNATIONAL, INC. MAY BE SERVED BY SERVING ITS
    REGISTERED AGENT, C.T. CORPORATION SYSTEM
    350 N. ST. PAUL STREET
    DALLAS, TX 75201

NOTICE:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S FIRST AMENDED PETITION, a default judgment may be taken against you. Said answer may be filed by mailing same to: District Clerk's Office, P.O. Drawer "E", Richmond, Texas 77469, or by bringing it to the office. Our street address is 401 Jackson Street and we are located on the first floor of the courthouse building. The case is presently pending before the 268TH District Court of Fort Bend county sitting in Richmond, Texas, and was filed on AUGUST 31, 1995. It bears cause number 92,270 and is styled:

**AMELIA ONG**
  **PLAINTIFF**

VS.

THE HOME DEPOT, INC., HOME DEPOT U.S.A., INC., HOME DEPOT INTERNATIONAL, INC., HENRY RUSSELL AND JENNIFER POWELL
  **DEFENDANTS**

The name and address of the attorney for AMELIA ONG, PLAINTIFF is:
  DAVID A. BICKHAM  (713) 655-7511
  500 DALLAS, SUITE 2650
  HOUSTON, TX  77002

The nature of the demands of said AMELIA ONG, PLAINTIFF is shown by a true and correct copy of the PLAINTIFF'S FIRST AMENDED PETITION accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said court, at Richmond, Texas OCTOBER 09, 1995.

GLORY HOPKINS, District Clerk
Fort Bend County, Texas

By: LISA _____

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 19___, at ___o'clock ___.m.
Executed at _Bill Dump House_, within the County of _Harris_, at _1145_ o'clock _A_.m. on the _26_ day of _Oct_ 19_95_, by delivering to the within named _Home Depot USA Inc CT Corp_ ____ each, in person, or by registered or certified mail, return receipt requested, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving _____ citation at $50.00 each $_____

This, a true copy of the original Citation, was delivered to _CT Corporation System_ _____ on the _____ day of _____, 19___.

_____
Name of Officer or Authorized Person

_____HARRIS_____ County, Texas

By: _____
Signature of Deputy or Authorized Person

**Authorized Person's Verification:**
On this day personally appeared _____, known to me to be the person whose signature appears on the foregoing return. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.
Sworn to and subscribed before me, on this _____ day _____, 19_____.

_____
Notary Public in and for
   State of Texas

Notary's Name Printed:
_____
Commission Expires:_____

LIST OF ATTORNEYS/PARTIES

1.  DAVID A. BICKHAM
    SBOT:  02295300
    500 DALLAS, SUITE 2650
    HOUSTON, TEXAS  77002
    (713) 655-7511
    (713) 655-7526 FAX

    ATTORNEY FOR PLAINTIFF
    AMELIA ONG

2.  ALAN N. MAGENHEIM
    SBOT: 12816200
    **HIRSCH, ROBINSON, SHEINESS & GLOVER**
    3600 ONE HOUSTON CENTER
    1221 MCKINNEY
    HOUSTON, TEXAS 77010
    (713) 609-7849
    (713) 609-7600 FAX

    ATTORNEYS FOR DEFENDANT
    HOME DEPOT USA, INC.
    HENRY RUSSELL AND
    JENNIFER POWELL